PER CURIAM.
The public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) concluding that no reversible error is presented in this appeal. Anders, however, requires counsel to raise any legal points arguable on their merits, so long as they are not frivolous. See id. at 744-45, 87 S.Ct. 1396. We view this determination as substantially less strict than whether the point may result in reversal. As the Supreme Court noted, in conducting an An-ders review, “what is required is a determination that the appeal lacks any basis in law or fact.” McCoy v. Court of Appeals of Wis., 486 U.S. 429, 438-39, n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Thus, while an issue may not be reversible because of controlling authority in the appellate court, an attorney might argue for a change in the law, or for the court to rely on a different line of authority. These issues are arguable on the merits, yet not likely to result in reversal.
Nevertheless, in the instant ease, because of the excellent brief written by the public defender, setting forth the facts with the appropriate record cites, and discussing each voir dire challenge, objection, and ruling contrary to the defendant’s stated position, and the controlling law as to why the ruling was correct, as a proper Anders brief should do, we are readily able to discern that there are no issues of arguable merit. We therefore affirm.
WARNER, C.J., DELL and GUNTHER, JJ., concur/.